# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **Jackson NDUNGU** | ) | Civ. No. |
| A 059 942 954 | ) | |
| *Petitioner* | ) | December 29, 2021 |
| v. | ) | |
| **Antone MONIZ**, Superintendent, | ) | **PETITION OF WRIT** |
| Plymouth County Correctional Facility | ) | **HABEAS CORPUS** |
| *Respondent* | ) | **PURSUANT TO** |
| | ) | **28 U.S.C. § 2241** |

NOW COMES Petitioner, Jackson Ndungu, with his writ of habeas corpus under 28 U.S.C. § 2241. Petitioner also believes that the holdings in *Reid v. Donelan,* 390 F. Supp. 3d 201, 2021 WL 4958251 apply to him with equal force. In Reid, this Court held that Respondent's detention of class members violates the Fifth Amendment when it becomes unreasonable. *Reid v. Donelan*, 390 F. Supp. 3d 201 (D. Mass. 2019). The Court held that when mandatory no-bond detention last more than one year, it is likely unreasonable. *Id.* at 219.

Petitioner is a 35 year old citizen of Kenya. Petitioner was admitted into the United States as a Lawful Permanent Resident in July 2008. Petitioner has been in ICE custody since June 3, 2019, approximately 31 months. Petitioner got some mental issues, such as depression and anxiety. Petitioner's prolonged and continued detention for over a year without a bond hearing violate his due process right under the Fifth Amendment. The Due Process Clause of the Fifth Amendment forbids the government from depriving any "person" of "liberty" without due process of law. U.S. Const. Amendment V. To justify Petitioner's ongoing prolonged detention, due process requires that the government establish, at an individualized hearing before a neutral decisionmaker, that Petitioner's detention is justified by clear and convincing evidence of flight risk or danger, even after consideration whether alternatives to detention could sufficiently mitigate that risk. Petitioner believes he is neither a danger to the community nor a flight risk.

WHEREFORE, Petitioner respectfully asks that this Court grant his petition and order his immediate release from ICE custody on reasonable conditions; Issue a writ of habeas corpus ordering a constitutionally adequate, individualized bond determination hearing by an immigration judge on the basis of either flight risk or danger to the community; the government will also bear the burden, if it establishes that Petitioner's continued detention is justified, to prove that no condition or combination of conditions other than detention can reasonably assure

the safety of the community and Petitioner's continued appearances at hearings. *Reid*, 390 F. Supp. 3d at 224-25; Grant such other and further relief as this Court deems just and proper.

I, Jackson Ndungu, affirm under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Respectfully submitted this 29th day of December.

_____

Jackson Ndungu, *Pro Se*

Plymouth County Correctional Facility

26 Long Pond Road

Plymouth, MA 02360

## Certificate of Service

I, Jackson Ndungu, certify that a true copy of the above document (Petition for Writ of Habeas Corpus) was served on December 29, 2021, upon the following:

> Clerk's Office
> Robert M Farrell
> U.S. Courthouse
> 1 Courthouse Way, Suite 2300
> Boston, MA 02210

by placing a copy of the above in the mail system at the facility where I am detained.

_____

Jackson Ndungu, *Pro Se*